UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SURGICAL CENTER OF SOUTHFIELD, LLC D/B/A FOUNTAIN VIEW SURGERY CENTER and ISPINE, PLLC,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | C.A. No. 2:19-cv-11458-GAD-APP |

**DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

**ANSWER**

NOW COMES defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY ("Allstate" and/or "Defendant"), by and through its attorneys, SMITH & BRINK, and for its Answer to Plaintiffs Surgical Center of Southfield d/b/a Fountain View Surgery Center ("Fountain View") and ISpine, PLLC's ("ISpine") (collectively, "Plaintiffs") Complaint, states as follows:

1. Answering the allegations contained in paragraph 1, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or

1

information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

2. Admitted.

3. Answering the allegations contained in paragraph 3, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

4. Answering the allegations contained in paragraph 4, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

5. Denied. Insurance Bulletin No. 92-03 is not in effect. Allstate leaves Plaintiffs to their strictest proofs.

6. Answering the allegations contained in paragraph 6, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

7. Answering the allegations contained in paragraph 7, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or

information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

8. Answering the allegations contained in paragraph 8, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

9. Answering the allegations contained in paragraph 9, Allstate does not contest that Plaintiffs state that the amount in controversy is greater than $25,000, but Allstate denies that any amount is due and owing to Plaintiffs and leaves Plaintiffs to their strictest proofs.

## COUNT 1 – VIOLATION OF MICHIGAN NO-FAULT ACT, MCL 500.3101, ET SEQ.

10. Answering the allegations contained in paragraph 10, Allstate incorporates by reference the above paragraphs, 1-9.

11. Answering the allegations contained in paragraph 11, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

12. Answering the allegations contained in paragraph 12, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or

information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

13. Answering the allegations contained in paragraph 13, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

14. Answering the allegations contained in paragraph 14, Allstate neither admits nor denies the allegations for the reason that Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph and leaves Plaintiffs to their strictest proofs.

15. Answering the allegations contained in paragraph 15, Allstate denies the allegations in said paragraph and leaves Plaintiffs to their strictest proofs.

16. Answering the allegations contained in paragraph 16, Allstate denies the allegations in said paragraph and leaves Plaintiffs to their strictest proofs.

17. Answering the allegations contained in paragraph 17, Allstate denies the allegations in said paragraph and leaves Plaintiffs to their strictest proofs.

18. Answering the allegations contained in paragraph 18, Allstate denies the allegations in said paragraph and leaves Plaintiffs to their strictest proofs.

## COUNT II [SIC] – DECLARATORY RELIEF

19. Answering the allegations contained in paragraph 19, Allstate incorporates by reference the above paragraphs, 1-18.

20. Answering the allegations contained in paragraph 20, Allstate denies the allegations in said paragraph and leaves Plaintiffs to their strictest proofs.

21. Answering the allegations contained in paragraph 21, the paragraph requests a legal conclusion. To the extent that the paragraph makes an allegation of fact, Allstate denies the allegations in said paragraph and leaves Plaintiffs to their strictest proofs.

## AFFIRMATIVE DEFENSES

NOW COMES defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY ("Allstate" and/or "Defendant"), by and through its attorneys, SMITH & BRINK, and for its Affirmative Defenses to Plaintiffs Surgical Center of Southfield d/b/a Fountain View Surgery Center ("Fountain View") and ISpine, PLLC's ("ISpine") (collectively, "Plaintiffs") Complaint, states as follows:

1. Plaintiffs' causes of action for attorney's fees (see paragraph 17) must be dismissed as Fountain View filed a duplicative complaint a mere fourteen (14) days after the alleged services were supposedly provided.  As such, it is not possible that Allstate delayed payment or that Allstate failed to comply with MCL 500.3142(2) and (3).

2. Plaintiffs are not a third-party beneficiary (either intentional or incidental) of any Allstate policy of insurance pursuant to both the terms of the insurance contract and Michigan law. As such, Plaintiffs' cause of action for breach of contract/third-party beneficiary (see paragraph 18) must be dismissed.

3. Upon information and belief, Plaintiffs sell their accounts receivables, including the bills being claimed in this case, to a factoring company. As such, the most Allstate can be deemed liable is the amount incurred (i.e., accepted as payment in full by the Plaintiffs from the factoring company).

4. Fountain View's claims are based (if at all) upon an assignment of a right to benefits that fails for lack of consideration because Fountain View reserved the right to seek payment directly from the patient for "any reasons deemed just as the facts determine." Fountain View also reserved the right to seek payment from the patient if it is unable to recover from Allstate for any reason. As such, the patient (the assignor) did not receive anything of value for giving up his rights. Nor did the patient receive any actual assurance that Fountain View will not seek payment from him in exchange for the assignment.

5. ISpine's claims are based (if at all) upon an assignment of a right to benefits that fails for lack of consideration because ISpine reserved the right to seek payment from the patient if it is unable to recover from Allstate for any reason. As such, the patient (the assignor) did not receive anything of value for giving up his

rights. Nor did the patient receive any actual assurance that ISpine will not seek payment from him in exchange for the assignment

6. Plaintiffs' claims are based (if at all) upon an assignment of a right to benefits that is void as against public policy and therefore Plaintiffs lack standing to pursue the litigation.

7. Plaintiffs' claims are based (if at all) upon an assignment of a right to benefits that is void under the anti-assignment clause of the applicable No-Fault policy and therefore Plaintiffs lack standing to pursue the litigation.

8. Plaintiffs' claims are based (if at all) upon an assignment of a right to benefits payable in the future and are therefore invalid pursuant to MCL §500.3143 and therefore Plaintiffs lack standing to pursue the litigation.

9. Plaintiffs' claims are based (if at all) upon an assignment of a right to benefits that is void for want of consideration and therefore Plaintiffs lack standing to pursue the litigation.

10. Plaintiffs' claims are based (if at all) upon an assignment of a right to benefits that violates the statute of frauds and therefore Plaintiffs lack standing to pursue the litigation.

11. Plaintiffs' claims are based (if at all) upon an assignment of a right to benefits that was not properly executed by the parties, not properly witnessed, and not properly notarized and therefore Plaintiffs lack standing to pursue the litigation.

12. Plaintiffs' claims are based (if at all) upon an assignment of a right to benefits that constitutes an unconscionable adhesion contract because any purported assignments were not executed freely, voluntarily, and knowingly by the patient, and therefore Plaintiffs lack standing to pursue the litigation.

13. Plaintiffs' claims in this matter are not based upon valid assignments of benefits, and therefore Plaintiffs lack standing to pursue the litigation.

14. Plaintiffs do not have a right to sue Allstate for No-Fault benefits under Michigan's No-Fault Act. Therefore, Plaintiffs lack standing to sue.

15. Plaintiffs have failed to attach a copy of the insurance policy referenced in their Complaint.

16. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to attach a complete copy of all of the bills to their Complaint that they claim to be outstanding.

17. The benefits that Plaintiffs claim in the action are not past due pursuant to MCL §500.3142(1), because losses did not accrue when they first claimed them.

18. The benefits that Plaintiffs claim in this action are not past due because Plaintiffs have not provided Allstate with reasonable proof of the fact of and the amount of loss sustained.

19. Plaintiffs' claims are barred, in whole or in part, to the extent that there may be an insurer in a higher order of priority of payment of any medical expenses allowable under Michigan's No-Fault Act.

20. Plaintiffs' claims are barred, in whole or in part, to the extent that the patient had a coordinated automobile insurance policy, thereby rendering a medical insurer the highest in the order of priority of payment of any medical expenses allowable under Michigan's No-Fault Act.

21. The patient's benefits are not past due, nor did Allstate unreasonably delay or refuse to pay benefits because a reasonable question of fact exists as to whether the services were rendered, necessary, and/or lawful.

22. Plaintiffs' claims are fraudulent and/or so excessive as to have no reasonable foundation, thereby entitling Allstate to attorney's fees pursuant to MCL §500.3148(2).

23. Plaintiffs' claims are barred, in whole or in part, to the extent that the underlying patient's alleged condition and/or the services allegedly rendered by Plaintiffs did not arise out of the "ownership, operation, maintenance or use of a motor vehicle" as required by MCL §500.3105.

24. Plaintiffs' claim for benefits is not causally related to any injuries allegedly sustained by the patient as a result of the accident at issue.

25. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' claims are not for "allowable expenses" as defined by MCL §500.3107(1)(a).

26. Plaintiffs' claims are not compensable under the Michigan No-Fault Act as any treatment rendered, if at all, was not "reasonably necessary" for the patient's care, recovery, or rehabilitation.

27. Plaintiffs' claims are not compensable under the Michigan No-Fault Act as any treatment rendered, if at all, was excessive and therefore unreasonable.

28. Plaintiffs' claims are barred, in whole or in part, to the extent that the expenses Plaintiffs are claiming are neither reasonable nor necessary.

29. Plaintiffs' claims are barred, in whole or in part, to the extent that the services allegedly rendered by Plaintiffs were not lawfully rendered and, therefore, not recoverable under MCL §500.3157.

30. Plaintiffs' claims include devices and services that are not recognized as legitimate in the medical community.

31. Plaintiffs' claims are barred, in whole or in part, to the extent any of the services allegedly provided to the patient were the result of unlawful solicitation in violation of MCL §750.410b and/or MCL §257.503, *et seq*.

32. Plaintiffs' claims are barred, in whole or in part, to the extent that one or more of the individuals, clinics, physicians, and medical providers who allegedly

provided services may not have been properly licensed by the State of Michigan to perform the services allegedly rendered.

33. Plaintiffs' claims are barred, in whole or in part, to the extent that services allegedly provided by Plaintiffs were the result of referrals outside the scope of practice of the referring physician and/or care provider.

34. Plaintiffs' claims are barred, in whole or in part, to the extent that the services allegedly rendered to the patient are void pursuant to MCL §750.410.

35. Plaintiffs' claims are barred, in whole or in part, to the extent that the services allegedly rendered to the patient were the result of the violation of MCL §750.429.

36. Plaintiffs' claims are barred, in whole or in part, by the wrongful conduct rule.

37. Plaintiffs' claims are barred, in whole or in part, by the underlying patient's wrongful and/or unlawful conduct.

38. Plaintiffs' claims are barred, in whole or in part, to the extent that the services allegedly rendered to the patient were due to the unauthorized practice of medicine, rendering the services unlawful and/or presumptively unreasonable.

39. Plaintiffs' claims are barred, in whole or in part, to the extent that the services allegedly rendered to the patient were due to the unauthorized practice of pharmacy, rendering the services unlawful and/or presumptively unreasonable.

40. Plaintiffs' claims are barred, in whole or in part, to the extent that the services allegedly rendered to the patient violated any portion of MCL §333.16221, rendering the services presumptively unreasonable.

41. Plaintiffs have failed to state a claim upon which relief can be granted.

42. Plaintiffs' claim for benefits represents unreasonable, unnecessary, and/or excessive charges contrary to the Michigan No-Fault Act and the policy provisions. MCL §500.3107(1)(a) and MCL §500.3157.

43. Plaintiffs have failed to prove that the charges for expenses were both reasonable and customary as required pursuant to MCL §3107(1)(a) and §3157.

44. Plaintiffs' entitlement to benefits is in dispute, in whole or in part, on the basis that Plaintiffs' claim for allowable expenses and medical services is for unreasonable or excessive charges or was incurred for products and services that were not reasonably necessary or otherwise not proximately related to injuries allegedly sustained by the patient as a result of the accident.

45. Plaintiffs' claims are barred pursuant to MCL §500.4503.

46. Plaintiffs' claims are barred, in whole or in part, to the extent that provisions of the Michigan Public Health Code, MCL §333.1101 *et seq.*, were violated and/or not followed, thereby rendering the services presumptively unreasonable.

47. Plaintiffs' claims are barred, in whole or in part, to the extent that there was a prior release, waiver, payment, prior judgment, or assignment, or other disposition of the Plaintiffs' and/or the patient's claims before commencement of this action.

48. Plaintiffs' claims are barred, in whole or in part, by the statute of limitation and/or statute of repose.

49. Plaintiffs' claims are barred, in whole or in part, because the patient was operating the vehicle illegally and/or unlawfully at the time of the subject accident within the meaning of the Michigan No-Fault Act.

50. The underlying patient may have willfully failed to adhere to the requirements under the Michigan No-Fault Act in refusing or failing to present for independent medical examinations as provided in MCL §500.3151, and the policy of insurance. This failure constitutes a material and substantial breach of the contract and/or estops the Plaintiffs from asserting any claims for benefits under the policy.

51. Plaintiffs' claims are barred, in whole or in part, to the extent that the patient at issue failed to cooperate as required by the terms and conditions of the subject automobile insurance policy.

52. Allstate has complied with all the applicable statutes and insurance policy provisions in the handling and processing of Plaintiffs' claim.

53. Allstate is entitled to any and all set-offs, deductions, and limitations applicable to the payment of personal protection insurance benefits provided for in the Michigan No-Fault Act. MCL §500.3101 *et seq.*

54. All benefits supported by reasonable proof of the fact and amount of loss sustained have been paid.

55. There are no personal protection insurance benefits that are overdue as Allstate has not received reasonable proof of the fact and of the amount of any loss allegedly sustained.

56. Plaintiffs' claims are barred, in whole or in part, by MCL §500.3109 and/or MCL §500.3109a.

57. Any alleged delay of payment is a result of a bona fide factual uncertainty.

58. Plaintiffs' claims are barred, in whole or in part, by reason of payment.

59. Plaintiffs' claims are barred, in whole or in part, by a prior accord and satisfaction.

60. Plaintiffs' claims are barred, in whole or in part, by res judicata.

61. Plaintiffs' claims are barred, in whole or in part, by collateral estoppel.

62. Plaintiffs lack standing to bring and/or sustain this cause of action.

63. Plaintiffs may not recover benefits for any alleged expenses incurred more than one year before the date on which the instant action was commenced pursuant to MCL §500.3145(1).

64. Plaintiffs' claims are barred, in whole or in part, pursuant to MCL §500.3105(4), to the extent that any of the patient's alleged injuries were "not accidental" and/or were "suffered intentionally" and/or were "caused intentionally."

65. Plaintiffs' claims are barred, in whole or in part, to the extent that the treatment, services, and/or accommodations for which benefits are being claimed were not incurred.

66. Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged injuries of the underlying patient and related treatment, services, and/or medical equipment were the result of a subsequent intervening event.

67. Plaintiffs have failed to provide Allstate with the costs of treatment in violation of MCL §500.3158(2).

68. Plaintiffs' claims are barred, in whole or in part, to the extent that the charges for the subject treatment, services, and/or medical equipment exceeds "customary charges for like products, services and accommodations in cases not involving insurance" and, therefore, are not recoverable under MCL §500.3157.

69. No contract of insurance exists between the Plaintiffs and Allstate; thus, there can be no breach of contract by Allstate.

70. There is no privity of contract between Allstate and the Plaintiffs and therefore Plaintiffs' Complaint must be dismissed.

71. Plaintiffs' claims are barred to the extent that the patient failed to provide Allstate with timely, adequate notice of each claim.

72. Plaintiffs' cause of action is barred, in total or at least in part, by the Plaintiffs' failure to mitigate damages.

73. Allstate asserts all defenses available to it under the Michigan No-Fault Act, MCL §500.3101, *et seq.*, and interpreting Michigan case law.

74. Plaintiffs' claims are barred because before, during, or after the accident alleged in Plaintiffs' Complaint, the patient (a) intentionally concealed or misrepresented a material fact or circumstance; (b) engaged in fraudulent conduct; and/or (c) made false statements.

75. Plaintiffs are not entitled to equitable relief or a declaratory judgment as Plaintiffs have an adequate remedy at law.

76. Plaintiffs' claims are barred to the extent that the services were rendered in violation of the prohibition against the corporate practice of medicine.

Allstate reserves the right to amend and/or supplement these affirmative defenses to reflect discovery of additional defenses that are currently unknown, but may become known during the course of discovery.

## **JURY DEMAND**

NOW COMES defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY ("Allstate" and/or "Defendant"), by and through its attorneys, SMITH & BRINK, and hereby demands a trial by jury in this matter as requested in its Notice of Removal filed with this Honorable Court at Docket No. 1.

        Respectfully submitted,

        SMITH & BRINK

        */s/ Jacquelyn A. McEttrick*
        _____
        Jacquelyn A. McEttrick
        jmcettrick@smithbrink.com
        Michael D. Ritenour (P32485)
        mritenour@smithbrink.com
        Andrew H. DeNinno
        adeninno@smithbrink.com

        38777 Six Mile Road
        Suite 314
        Livonia, MI  48152
        (734) 521-9000

        350 Granite Street
        Suite 2303
        Braintree, MA  02184
        (617) 770-2214

        *Attorneys for Defendant*
        *Allstate Property and Casualty*
        *Insurance Company*

Dated: May 28, 2019

## CERTIFICATE OF SERVICE

I, Jacquelyn A. McEttrick, hereby certify that on May 29, 2019, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system. I hereby certify that I mailed a copy of the foregoing document and all exhibits thereto to the following via United States First-Class Mail to:

Danielle S. Yatooma
Yatooma & Associates, P.C.
29777 Telegraph Rd., Ste 2400
Southfield, MI 48034

        Respectfully submitted,

        SMITH & BRINK

        */s/ Jacquelyn A. McEttrick*

        _____
        Jacquelyn A. McEttrick
        jmcettrick@smithbrink.com
        38777 Six Mile Road
        Suite 314
        Livonia, MI  48152
        (734) 521-9000

        350 Granite Street
        Suite 2303
        Braintree, MA  02184
        (617) 770-2214