UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURGICAL CENTER OF
SOUTHFIELD, L.L.C., d/b/a
Fountain View Surgery Center,
and ISPINE, P.L.L.C.,

Case No. 2:19-cv-11458
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

       Plaintiffs,

v.

ALLSTATE PROPERTY
AND CASUALTY
INSURANCE COMPANY,

       Defendant.
_____/

# ORDER GRANTING IN PART and DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY FROM ISPINE (ECF 22)

### A.    Introduction

Plaintiffs filed this lawsuit, which alleges a violation of Michigan's No-Fault Act and seeks declaratory relief, against Defendant in Wayne County Circuit Court on April 26, 2019. (ECF 1-2.) Among other things, Plaintiffs allege that they:

> . . . provided surgical services and surgical facility medical treatment to the insured [B. Slating] during a surgical procedure performed on February 28, 2019, for the injuries arising out of [an August 28, 2018] motor vehicle accident.

(ECF 1-3 at 4 ¶ 14.)

Defendant removed the case to this Court on May 17, 2019. (ECF 1.) Each of the parties is represented by counsel. (ECFs 3, 4, 11.)[1] On July 31, 2019, Judge Drain entered a stipulated confidentiality, protective, and clawback order. (ECF 9.) That same day, a stipulated order was entered, dismissing without prejudice the "claims for medical services relating to Surgical Center of Southfield d/b/a Fountain View Surgery" and further stating that:

> Plaintiff Surgical Center of Southfield d/b/a Fountain View Surgery Center and Allstate shall resolve their dispute regarding Surgical Center of Southfield d/b/a Fountain View Surgery Center's fees related to patient Brian Slating through the case <u>Surgical Center of Southfield, LLC d/b/a Fountain View Surgery Center (Brian Slating) v. Allstate Insurance Company</u>, 19-cv-10991-PDB-APP (E.D. Mich.) and not in any other litigation, including the instant case and any suit filed by Brian Slating against Allstate.

(ECF No. 10, PageID.96-97.)[2]

### B. Instant Motion

Currently before the Court is Defendant's motion to compel discovery from ISpine (ECF 22), which concerns Plaintiff ISpine's answers to Defendant's

---

[1] These three parties are also parties to *Allstate Insurance Company et al v. Mercyland Health Services, PLLC et al*, Case No. 2:18-cv-13336-PDB-DRG (E.D. Mich.), which is based on alleged violations of 18 U.S.C. § 1962 of the Racketeer Influenced and Corrupt Organizations (RICO) Act, although ISpine and Stefan Pribil, M.D., were dismissed with prejudice on March 15, 2019.

[2] *Surgical Center of Southfield, LLC d/b/a Fountain View Surgery Center (Brian Slating) v. Allstate Insurance Company* (Case No. 2:19-cv-10991-PDB-APP) was recently closed, as the Court granted summary judgment to Defendant Allstate and a motion for reconsideration was resolved by stipulation. (*See* ECF 13-16 therein.)

interrogatories (ECF 22-3) and Plaintiff ISpine's answers to Defendant's requests for production of documents (ECF 22-4). Judge Drain referred this motion to me for hearing and determination. On September 26, 2019, I entered a text-order, which resulted in the Clerk's Office striking the response and reply. (*See* ECFs 27-29, 31-32.) Thus, other than the motion itself, I have only considered the September 27, 2019 joint list of unresolved issues and the oral argument of counsel. (ECF 33.)

On October 2, 2019, I conducted a hearing, at which attorneys Jason Hagelthorn and Andrew H. DeNinno appeared. (ECFs 24, 25.)

**C.     Order**

Having considered the motion papers and counsel's oral argument, and in harmony with my rulings and reasoning given from the bench, *all of which are incorporated herein by reference as though fully restated herein*, Plaintiff's motion to compel (ECF 22) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

- As my online practice guidelines make clear, in responding to discovery requests, form or boilerplate objections shall not be used and, if used, may subject the party and/or its counsel to sanctions. Objections must be specific and state an adequate individualized basis. *See, e.g., Wesley Corp. v. Zoom T.V. Products*, LLC, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.). Therefore, I will not rule upon Plaintiff ISpine's objections as stated, which in any event are boilerplate and rejected; instead, in order to prevent discovery abuses, I will perform the Court's gatekeeping

functions with respect to the scope and purpose of discovery, consistent with Fed. R. Civ. P. 1 ("Scope and Purpose") and Fed. R. Civ. P. 26(b)(1) ("*Scope in General.*").

- Defendant's requests are too broad in time. For purposes of Fed. R. Civ. P. 26(b)(1), the "relevant period" is January 1, 2019 (the month before the insured presented for treatment) through April 26, 2019 (the date the complaint was filed in Wayne County Circuit Court).

- ISpine's answers to Defendant's interrogatories, and any supplementation thereto, must be signed under oath by the person who makes them. Fed. R. Civ. P. 33(b)(3),(5).

- Assertions of privilege or protection must be made in accordance with Fed. R. Cv. P. 26(b)(5) ("*Claiming Privilege or Protecting Trial-Preparation Materials.*"), a.k.a., a privilege log.

- Plaintiff ISpine must comply with any representations it made within the joint list of unresolved issues (ECF 33) to update a given discovery response, *i.e.*, **Interrogatory Nos. 4, 9, 10, 11, 12, 14, 16, 20** and **Requests to Produce Nos. 4, 11, 14, 20, 21, 22, 24, 27, 29, 30, 31**. (ECF No. 33, PageID.668.)

- Plaintiff ISpine's answer to **Interrogatory 13** is unresponsive. Thus, ISpine shall update its answer to this discovery request. In so doing, ISpine will make very clear, as stated on the record by its counsel, that Becky Arceneaux with Atlantic Coast Brain and Spine was the person who documented the procedure and will explain how that documentation converted into the billing CPT codes.

- The information sought by **Interrogatory 19** is relevant and discoverable in light of Defendant's affirmative defenses (such as reasonableness [ECF 5]), and the protective order obviates the need for an *in camera* review. Thus, ISpine shall update its response to this discovery request. In so doing, ISpine may simply refer to responsive documents and provide them.

- Plaintiff ISpine need not supplement its response to **Request to Produce No. 6**, as solicitation information is outside the scope of a first-party no-fault claim.  *See Richardson v. Allstate Ins. Co.*, No. 341439, 2019 WL 2273415, at *4 (Mich. Ct. App. May 28, 2019); Mich. Comp. Laws §§ 257.503, 750.410b.

- Plaintiff ISpine's response to **Request to Produce No. 10** is not completely responsive.  Thus, ISpine shall update its response to this discovery request.

- As to **Request to Produce No. 12**, counsel shall confer, on or before October 9, 2019, to determine a search protocol (for up to 5 email accounts and up to 5 search terms), after which Plaintiff ISpine shall perform an additional search for communications and supplement its response.

- Plaintiff ISpine shall update its response to **Request to Produce No. 23**, although it may just identify the responsive items (as opposed to actually producing the responsive documents)

- Plaintiff ISpine agrees to update its response to **Request to Produce Nos. 32-33**.

No later than **Friday, October 18, 2019**, Plaintiff shall comply with any of the foregoing directions to supplement under oath.  No other specific discovery items required rulings from the Court in connection with the instant motion, as confirmed on the record with counsel for all parties.  Finally, there will be no award of costs or fees to either party, neither having fully prevailed.

    **IT IS SO ORDERED.**

Dated:  October 4, 2019          s/*Anthony P. Patti*
                                               Anthony P. Patti
                                               UNITED STATES MAGISTRATE JUDGE