UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURGICAL CENTER OF
SOUTHFIELD, L.L.C., d/b/a
Fountain View Surgery Center,
and ISPINE, P.L.L.C.,

Case No. 2:19-cv-11458
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

       Plaintiffs,

v.

ALLSTATE PROPERTY
AND CASUALTY
INSURANCE COMPANY,

       Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF ISPINE, P.L.L.C.'S MOTION TO COMPEL DISCOVERY (ECF No. 35)

This matter came before the Court for consideration of Plaintiff ISpine, P.L.L.C.'s (Plaintiff's) motion to compel discovery (ECF No. 35), Defendant's response in opposition (ECF No. 36), and the parties' joint list of unresolved issues (ECF No. 48). Judge Drain referred this motion to me for a hearing and determination. (ECF No. 37.) A hearing was held on January 10, 2020, at which counsel appeared and the Court entertained oral argument regarding Plaintiff's motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel discovery (ECF No. 35) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- **Interrogatories**:

    - Plaintiff **WITHDRAWS Interrogatory Nos. 1, 2, 7, 8, 10, 12, 14, 17, 18, and 19**.

    - **Interrogatory No. 3**: Defendant's objection to Interrogatory No. 3 is **SUSTAINED**. The Court finds Defendant's answer to Interrogatory No. 3 to be adequate and will not compel any further response.

    - **Interrogatory No. 4**: Defendant's objection to Interrogatory No. 4 is **SUSTAINED**. The Court finds Defendant's answer to Interrogatory No. 4 to be adequate and will not compel any further response.

    - **Interrogatory No. 6**: Defendant's objection to Interrogatory No. 6 is **SUSTAINED**. The Court finds Defendant's answer to Interrogatory No. 6 to be adequate and will not compel any further response.

    - **Interrogatory No. 9**: Defendant's objection to Interrogatory No. 9 is **SUSTAINED**, as the request is disproportionate to the needs of the case, and the Court will not compel any further response.

    - **Interrogatory No. 11**: Defendant's objection to Interrogatory No. 11 on the basis of relevance is **OVERRULED**, but its objection on the basis that the interrogatory is overbroad is **SUSTAINED**. To cure the overbroadness, Defendant will answer Interrogatory No. 11

2

only as to the CPT Codes stated on the record – 63075, 63076, 22856, 22858, 69990, and 77003.

- **Interrogatory No. 16**: Defendant's objections to Interrogatory No. 16 are **OVERRULED**, but the Court strikes the words "using prodisc-C 12x15x5mm tall for each vertebral section" from the interrogatory. Defendant is ordered to **SUPPLEMENT** its response for the CPT Codes and years listed in the interrogatory.

- **Interrogatory No. 20**: Defendant's objection to Interrogatory No. 20 on the basis that it is overbroad is **SUSTAINED**. The Court will substitute the word "handled" for "with respect to," in Interrogatory No. 20, and will require that Defendant answer to the extent that the e-mail addresses requested are not in the file already produced by Defendant. Further, the request will be limited to communications regarding ISpine and Dr. Pribil.

- **Requests for Production**:

  - Defendant withdraws **Request for Production Nos. 4, 6, 11, 12, 18, and 21**.

  - **Request for Production No. 1**: Defendant's objection to Request for Production No. 1 is **SUSTAINED**. The Court finds Defendant's response to be adequate and will not compel any further response.

  - **Request for Production No. 2**: Defendant's objection to Request for Production No. 2 is **SUSTAINED**. The Court finds Defendant's response to be adequate and will not compel any further response.

  - **Request for Production No. 5**: Defendant's objection to Request for Production No. 5 is **SUSTAINED**. The Court finds Defendant's response to be adequate and will not compel any further response.

- **Request for Production No. 9**: Defendant's objection to Request for Production No. 9 is **OVERRULED**. Defendant is ordered to produce the MCO Guidelines and the SIU Referral Guide.

- **Request for Production No. 10**: Defendant's objection to Request for Production No. 10 is **OVERRULED**. Defendant is ordered to **SUPPLEMENT** its response to the extent the response is not privileged or part of Defendant's expert presentation.

- **Request for Production No. 20**: Defendant's objection to Request for Production No. 20 is **SUSTAINED**, as the request is severely overbroad. The Court will not compel any further response.

- **Request for Production No. 22**: Defendant's objection to Request for Production No. 22 is **SUSTAINED**. The Court finds Defendant's response to be adequate and will not compel any further response.

- **Request for Production No. 24**: Defendant's objection to Request for Production No. 24 is **OVERRULED**. Defendant is ordered to **SUPPLEMENT** its response as to documents and communications from September 13, 2018 forward as necessary, excluding the bodily injury (BI) file.

Further, the Court **STRIKES** Defendant's boilerplate and general objections to Plaintiff's requests for production, requests for admission, and interrogatories, *see, e.g., Wesley Corp. v. Zoom T.V. Prods, LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.), and finds Plaintiff's arguments regarding both Defendant's responses to its requests for admission and alleged waiver of attorney-client privilege non-specific and underdeveloped. Although

Plaintiff provided some law in support of its arguments, Defendant met its burden of showing that its claim of privilege was reasonable.

Defendant must comply with the above orders to respond and/or supplement by no later than **January 31, 2020**. The Court will allow Plaintiff to rephrase any interrogatories or requests for production it so chooses within the bounds of the Court's scheduling order, however Plaintiff may not file more than a total of 28 interrogatories; or put another way, the Court is extending the maximum number of interrogatories from 25 to 28, pursuant to Fed. R. Civ. P. 33(a)(1).

Finally, pursuant to Fed. R. Civ. P. 37(a)(5)(C), there will be no award of costs or fees to either party, neither having fully prevailed.

**IT IS SO ORDERED.**

Dated: January 10, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE