UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURGICAL CENTER OF
SOUTHFIELD, L.L.C., d/b/a
Fountain View Surgery Center,
and ISPINE, P.L.L.C.,

Case No. 2:19-cv-11458
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

      Plaintiffs,

v.

ALLSTATE PROPERTY
AND CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/

**ORDER DENYING AS MOOT DEFENDANT'S INITIAL MOTION TO STRIKE (ECF No. 65), BUT GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO STRIKE (ECF No. 68), AND STRIKING ISPINE P.L.L.C.'S UNAUTHORIZED RESPONSE (ECF No. 67) TO DEFENDANT'S MOTION TO COMPEL (ECF No. 56)**

On March 9, 2020, Defendant filed a motion to compel discovery from Plaintiff ISpine P.L.L.C. (ECF No. 56), to which ISpine filed a timely response on March 23, 2020 (ECF No. 61).  Yet on the same day Defendant filed its reply brief in support of the motion to compel (ECF No. 63) – March 30, 2020 – ISpine filed a second "response" to the motion, which consisted of only two affidavits (those of Stefan Pribil and Wesley Blake Barber) (ECF No. 64), was stricken by the Court on April 1, 2020, and was re-filed by ISpine that same day (ECF No. 67).

Now before the Court for consideration are Defendant's motion to strike (ECF No. 65) ISpine's initial unauthorized response to the motion to compel (ECF No. 64), as well as Defendant's motion to strike (ECF No. 68) ISpine's re-filed unauthorized response (ECF No. 67). Judge Drain referred both motions to me for determination. (ECF Nos. 66, 69.)

Upon consideration of the motion papers, Defendant's initial motion to strike (ECF No. 65) is **DENIED AS MOOT**. As indicated above, ISpine's first unauthorized response was already stricken by the Court on April 1, 2020. However, Defendant's motion to strike (ECF No. 68) ISpine's re-filed unauthorized response (ECF No. 67) is **GRANTED IN PART** and **DENIED IN PART** for the reasons that follow.

The Court notes that it could grant Defendant's motion to strike (ECF No. 68) as unopposed due to ISpine's lack of response to the motion, but declines to do so. Instead, the Court finds merit in Defendant's assertion that ISpine's failure to file its first iteration of the unauthorized response to the motion to compel until Defendant filed its reply was unduly prejudicial (see ECF No. 68-1, PageID.1710-1714), and **STRIKES** ISpine's re-filed unauthorized response (ECF No. 67) on that basis. The timing of ISpine's unauthorized response deprived Defendant of the opportunity to examine the affidavits and adequately reply to the statements made therein. Moreover, the affidavits were untimely under E.D. Mich. Local

2

Rule 7.1(e)(2), since filed after Defendant's response, and may also be construed as an impermissible sur-reply in violation of Local Rules 5.1 and 7.1, and subsection "C" of my Motion Practice Guidelines.

Nevertheless, the Court **DENIES** Defendant's request for sanctions (ECF No. 68-1, PageID.1716-1717).  Defendant's brief in support of the motion to strike is less than forthcoming regarding the possibility that ISpine intended, but failed, to attach the affidavits now included in its unauthorized response (ECF No. 67) to its original response to the motion to compel, even if in unsigned/draft form. Although Defendant accurately states that ISpine's original response (ECF No. 61) "did not actually include many of the exhibits reference[d] by [ISpine's] brief" (ECF No. 68-1, PageID.1711), and identifies a discrepancy between the date ISpine purportedly served Pribil's affidavit and the date the affidavit was signed,[1] it fails to specifically advise the Court that the Pribil and Barber affidavits it now seeks to strike appear to be among the exhibits referenced but not attached to its original response (*see, e.g.*, ECF No. 61, PageID.1445, 1451-1452; ECF No. 61-1, PageID.1473).[2]  The lack of candor exhibited by both parties will not be tolerated

---

[1] Indeed, ISpine contends in the proof of service on Pribil's affidavit that it served Defendant a copy on March 23, 2020, the date on which it filed its original response to the motion to compel, but the affidavit itself was signed by Pribil on March 24, 2020.  (ECF No. 67, PageID.1699-1700.)

[2] ISpine refers to the affidavits of Pribil and Barber throughout its original response to Defendant's motion to compel, indicating in its record citations that the

or rewarded by the Court. Furthermore, while Defendant is quick to have the Court characterize ISpine's attempt to supplement with late-filed affidavits as an act of sanctionable "bad faith" (ECF No. 68-1, PageID.1716), the Court believes that sloppiness and disorganization on the part of ISpine's counsel is just as likely the cause of these repeated snafus, as detailed below. Striking the late-filed affidavits (which are mis-labeled as a "response") – and refusing to consider them in response to the motion to compel (ECF No. 56) – should suffice to incentivize better practices in the future. While the Court does not condone ISpine's lack of adherence to its rules and procedures, it is not convinced that it constitutes bad faith.

On that score, the Court will no longer tolerate ISpine's repeated failure to properly title its filings with the Court, in violation of Fed. R. Civ. P. 7(b)(2) and 10(a), or to properly label filings or exhibits on the docket (*see, e.g.*, ECF No. 60, 61). ISpine has developed the baffling habit of labeling its responses as "replies" when it files them electronically, does not title the documents themselves, so that the Court has to read them to figure out what they are, and in the case of ECF No. 60, mislabels on the docket what the document actually is. It also fails to identify

---

affidavits were attached to the response as Exhibits 10 and 12 (*see* ECF No. 61, PageID.1445, 1451-1452; ECF No. 61-1, PageID.1473). But a review of the response reveals that the affidavits were not actually attached as exhibits.

exhibits on the docket when filed through CM/ECF, as required by E.D. Mich. Electronic Filing Policies and Procedures (EFPP) 19(b)(3), and quizzically places its table of contents, issues presented and table of authorities at *the end* of its briefs and at the start of its *exhibits*, contrary to the requirements of E.D. Mich. Local Rule 7.1(d)(2). (ECF No. 61-1, PageID.1468-1472; ECF No. 60-1, PageID.1322-1326.) In short, its response briefs on the two now pending motions, both of which will require extra time for the Court to sort through, are a mess. In the future, the Court will strike those papers that do not comply with its rules and procedures.

**IT IS SO ORDERED.**

Dated: April 21, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE