UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURGICAL CENTER OF
SOUTHFIELD, L.L.C., d/b/a
Fountain View Surgery Center,
and ISPINE, P.L.L.C.,

Case No. 2:19-cv-11458
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

Plaintiffs,

v.

ALLSTATE PROPERTY
AND CASUALTY
INSURANCE COMPANY,

Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO QUASH SUBPOENAS, FOR A PROTECTIVE ORDER, AND FOR AN AWARD OF COSTS (ECF No. 54)**

This matter came before the Court for consideration of Defendant's motion to quash subpoenas, for a protective order, and for an award of costs (ECF No. 54), Plaintiff ISpine, PLLC's (ISpine's) response in opposition (ECF No. 60),[1] Defendant's reply (ECF No. 62), and the parties' joint list of unresolved issues (ECF No. 85). Judge Drain referred this motion to me for a hearing and determination. (ECF No. 55.) As a result of the COVID-19 pandemic and Michigan Governor Whitmer's order to shelter in place, a telephonic hearing was

---

[1] The Court notes that ISpine mislabeled this filing on the docket as a response to Defendant's motion to compel (ECF No. 56).

held on May 5, 2020, at which counsel appeared by telephone and the Court entertained oral argument regarding Defendant's motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Defendant's motion (ECF No. 54) is **GRANTED IN PART** and **DENIED IN PART**.  As a preliminary matter, the Court finds, for the reasons stated on the record, that Defendant has standing to bring this motion to quash non-party subpoenas, and **GRANTS** the motion to quash.  The subpoenas, as issued, are overbroad and beyond the scope of discovery, being disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1), and unduly burdensome to their recipients in violation of Fed. R. Civ. P. 45(d)(1).

However, the Court only **GRANTS IN PART** Defendant's request for a protective order.  ISpine may not re-issue the subpoenas in their current form, but may send written deposition questions to Dr. Joseph Femminineo, pursuant to Fed. R. Civ. P. 31, served no sooner than 90 days and no later than 60 days before trial, which will likely have to be attached to a subpoena, asking the following: (1) the income he has earned from Allstate or Allstate-related entities for each of the years going back to 2017; (2) the number of reports he has prepared on behalf of Allstate or its related entities for each of the years going back to 2017; and/or (3) the

number or percentage of reports he has completed that are favorable or unfavorable to Allstate or its related entities. ISpine may do the same for Dr. Adeel Khalid, unless Defendant states unequivocally in writing that it will not be calling Dr. Khalid as a witness at trial.

Finally, the Court **DENIES** Defendant's request for an award of costs, neither party having prevailed in full. Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

Dated: May 6, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE