UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURGICAL CENTER OF
SOUTHFIELD, L.L.C., d/b/a
Fountain View Surgery Center,
and ISPINE, P.L.L.C.,

Case No. 2:19-cv-11458
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

      Plaintiffs,

v.

ALLSTATE PROPERTY
AND CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/

## MEMORANDUM ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY (ECF Nos. 87, 90, 92 & 94)

Before the Court are Plaintiff ISpine PLLC's four motions to compel discovery, each filed two weeks after the May 1, 2020 discovery deadline. (ECF Nos. 87, 90, 92 & 94.) For many reasons, these motions are **DENIED**.

### I. Discovery Deadline

It is noted that the parties filed their discovery plan on July 29, 2019, resulting in a scheduling order thereafter with the deadline for discovery that they had chosen. (ECF Nos. 8 & 12.) They should have been off to the races in an effort to complete discovery, seeking to compel it as needed, in a timely fashion. Preliminarily, each of the instant motions asks the Court to order discovery after

the discovery deadline, contrary to the scheduling order in this case, which clearly states, "Discovery <u>shall be completed on or before</u> the date set forth in the scheduling order. The court will not order discovery to take place subsequent to the discovery cutoff date." (ECF No. 12, PageID.101 (emphasis in original.)) By filing these motions after the discovery deadline, ISpine is both asking the Court to assist it to complete discovery beyond the cutoff and to order that discovery take place subsequent to the cutoff. This it will not do, particularly with a June 1, 2020 dispositive motion deadline looming. (ECF No. 12.)[1]

Even in the absence of scheduling order language clarifying that the Court will not order discovery to take place after the discovery deadline, a district court may properly refuse to entertain a motion to compel discovery when it was filed after the close of discovery. *Willis v. New World Van Lines, Inc.*, 123 F.Supp.2d 380, 401 (E.D. Mich. 2000) (citing *Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (6th Cir. 1998)). Indeed, in *Glob. Fleet Sales, LLC v. Delunas*, No. 12-15471, 2016 U.S. Dist. LEXIS 34107, at *4-7 (E.D. Mich. March 16, 2016), a motion to compel filed only twenty-five days after the close of discovery was denied by this

---

[1] The Court acknowledges that it has permitted some limited discovery beyond the discovery deadline in this case, once in order to give ISpine a more reasonable period of time for assembling documents (ECF No. 84), and once to allow ISpine the ability to impeach an expert witness at trial (ECF No. 86). Neither of these situations apply here. In any case, the circumstances of the four motions at issue, as explained above, are considerably different.

Court as untimely. There, as here, ISpine has "not provided a persuasive explanation for the delay[,]" and prior to filing its motion, "had a sufficient opportunity to obtain the documents in question while discovery was open . . . ." *Id*. at \*4-5.

## II. ISpine's Prior Discovery Motions

The Court is well aware of the fact that ISpine did in fact attempt to file four discovery-related motions one week before the discovery cutoff (ECF Nos. 76, 77, 78 & 79), two of which seek to compel some of the same items at issue in the instant round of motion practice (ECF Nos. 77 & 78), and that these motions were stricken from the record (April 28, 2020 Text Only Order). <u>This was a problem of ISpine's own making</u>, and the Court has little sympathy for the fact that ISpine had limited time left to correct its sundry errors and file within the discovery period. The procedural history of this case is rife with instances of ISpine's filings being stricken for noncompliance with various procedural rules and/or Practice Guidelines (*see* ECF Nos. 13, 14, 15, 16, 27, 40, 41, 42, 43, 44, 45, 46, 47, 64 & 67), and ISpine had ample warning before its ill-fated attempt at filing these particular motions the first time, yet failed to heed the instruction.[2] As the Court

---

[2] Defendant has likewise been held to the Rules, and had two of its filings stricken. (ECF Nos. 28 & 32.)

took the time to explain three days *before* ISpine's original attempt to file two of these motions:

> [T]he Court will no longer tolerate ISpine's repeated failure to properly title its filings with the Court, in violation of Fed. R. Civ. P. 7(b)(2) and 10(a), or to properly label filings or exhibits on the docket (*see, e.g.*, ECF No. 60, 61). ISpine has developed the baffling habit of labeling its responses as "replies" when it files them electronically, does not title the documents themselves, so that the Court has to read them to figure out what they are, and in the case of ECF No. 60, mislabels on the docket what the document actually is. It also fails to identify exhibits on the docket when filed through CM/ECF, as required by E.D. Mich. Electronic Filing Policies and Procedures (EFPP) 19(b)(3), and quizzically places its table of contents, issues presented and table of authorities at *the end* of its briefs and at the start of its *exhibits*, contrary to the requirements of E.D. Mich. Local Rule 7.1(d)(2). (ECF No. 61-1, PageID.1468-1472; ECF No. 60-1, PageID.1322-1326.) In short, its response briefs on the two now pending motions, both of which will require extra time for the Court to sort through, are a mess. In the future, the Court will strike those papers that do not comply with its rules and procedures.

(ECF No. 71, PageID.1735-1736.) <u>Yet ISpine persisted in filing non-compliant motion papers</u>.

In striking the prior iterations of ISpine's motions to compel, the Court explained that it was doing so for ISpine's:

> obvious failure to read and comply with the Court's most recent substantive Order (ECF No. 71). Despite the Court's warning that it would strike future filings for failing to comply with its policies and procedures (ECF No. 71, PageID.1735-1736), each of the papers stricken herein contain clear deficiencies, and fail to comply with E.D. Mich. Electronic Filing Policies and Procedures (EFPP) 19(b)(3), and E.D. Mich. L.R. 7.1(d)(2), among other rules.

(April 28, 2020 Text Only Order.) The very next day, April 29, 2020, the Court fleshed out the problems in longhand from the bench:

4

> I was looking at the docket today. It strikes -- to coin a phrase, it struck me that my striking of a number of your motions yesterday was not the first time that things filed by your office have been stricken. In fact, the record is full of them going way back. But it would be very helpful if someone in your office would be careful to read my order that is at Docket No. 71 which spells out the multiple problems that your briefing has had. It's pretty clear to me that that order wasn't read before filing six more motions which have all been stricken now. And you would avoid the aggravation in your office if someone would read them and then follow it up by reading the rules of the court, which is something you're required to, to follow.
>
> It's been very difficult to the Court trying to make heads or tails of many of the documents filed by your office. I can't tell what the exhibits are because the docket doesn't identify them as it's supposed to under the electronic filing requirements. Some of the documents are mislabeled as replies when they are, in fact, responses. Some of the documents have no title. Some of the documents have no caption. I just noticed yesterday that an expert disclosure was filed, which has no business being filed with the court because it's prohibited discovery material and it has no caption. There are a lot of problems. And if someone would just take the time to read my order and read the court rules, and read the local rules, we would all save ourselves a lot of time and aggravation, including your office.
>
> \* \* \*
>
> [R]eading the orders that I put out would be the place to start rather than taking an order and ignoring it.

(ECF No. 97, PageID.4553-4555.)  <u>Two full weeks after this warning from the bench, over two weeks after the original motions were stricken by explanatory text order, three full weeks after the written warning (ECF No. 71), and 13 days after the discovery deadline, ISpine got around to filing the four motions at issue, two of which had been previously stricken</u>. (*See* ECF Nos. 77 & 78.)  There is no justification for the fifteen-day delay in correcting the two previously filed

5

motions, and no justification for ISpine's twenty-three-day delay in filing its motion to compel responses to its fourth set of document requests (ECF No. 90) *in the first instance* (ECF No. 78).

### III.  Undue Delay

Even ignoring ISpine's failure to read and abide by the Court's prior order (ECF No. 71), there is simply no excuse for its delay in seeking much of the discovery relief at issue here, even in the context of the current Covid-19 pandemic and the related shelter-in-place orders issued by the Michigan governor, the earliest of which was issued on March 24, 2020.  ISpine did not even attempt to file the first round of any of these motions until April 24, 2020, one week before the discovery deadline.  (*See* ECF Nos. 77 & 78.)  Moreover, the discovery that ISpine seeks to compel here is largely abusive, particularly in light of this Court's prior circumscription of the scope of discovery and its prior analysis of the proportionality factors under Fed. R. Civ. P. 26(b)(1), often in response to ISpine's *own complaints* that Defendant was construing the scope of this dispute too broadly.  (*See e.g.,* ECF No. 84, PageID.3317; ECF No. 86, PageID.3329; ECF No. 97, PageID.4564-4565.)[3]

---

[3] As the Court noted at the most recent hearing, the "appropriate scope" of discovery in this case under the Rule 26(b)(1) factors bears in mind that the suit relates to "one particular [surgical] procedure on one particular day." (ECF No. 97, PageID.4564-4565.)  In that vein, the Court on more than one occasion sustained *ISpine's objections* to over-broadness when Defendant appeared to be

6

The first of these motions, ECF No. 87, relates to <u>ninety-nine document requests</u> which were apparently propounded in two sets on December 16, 2019 (ECF Nos. 87-3, 87-4) and to which Defendant timely responded on January 15, 2020 (ECF Nos. 87-6, 87-7).[4]  ISpine inexplicably waited over *three months* to file its first motion to compel related to these document requests (ECF No. 77)[5], which was stricken by the Court in its April 28, 2020 text-only order, and then almost another *two weeks* to file the instant motion challenging the adequacy of Defendant's responses.  The second motion to compel relates to ISpine's <u>*fourth* set of document requests,</u> propounded on March 2, 2020 (ECF No. 90-4), to which Defendant responded on April 1, 2020 (ECF No. 90-5).  ISpine waited over three weeks to seek relief as to these discovery responses, filing a nonconforming motion to compel on the eve of the discovery deadline (ECF No. 78), and not filing the instant motion until nearly six weeks had passed since the response.  (ECF No. 90.)  The third motion to compel relates to ISpine's *fifth* set of requests to produce,

---

expanding the scope of discovery to encompass R.I.C.O. related issues from another pending case. (*See, e.g.,* ECF No. 97, PageID.4558, 4565.)

[4] In yet another instance of ISpine's labeling issues, the actual set of discovery requests attached as ECF No. 87-3 is mislabeled as requests *to admit* but is actually 63 requests *for production*.  Fortunately, Defendant's responses to the request for production were correctly labeled and attached as ECF No. 87-6.

[5] Plaintiff mislabeled ECF No. 77 as a motion to compel answers to its "5th" Requests for Production, when in fact it was seeking to compel answers to its first and second sets of document requests.

7

propounded on March 13, 2020 (ECF No. 92-3), to which Defendant responded on April 13, 2020 (ECF No. 92-5). Although ISpine unsuccessfully tried to file a related motion within two weeks (ECF No. 77), it did not file a proper one until a solid month after the response (ECF No. 92). However, the Court believes that giving credit to ISpine for a non-compliant motion which was stricken from the record after multiple warnings is inappropriate. For purposes of timing, ISpine is only given credit for the motion which was eventually brought up to standards accepted by the Court. That motion was filed 13 days after the discovery cutoff.

A delay becomes "undue" when, *inter alia*, it "'plac[es] an unwarranted burden on the court[.]'" *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)) (denying leave to amend based on undue delay). Here, the Court finds that ISpine unduly delayed the filing of these three motions, which, in the context of this record, places an unwarranted burden on this Court. Furthermore, this Court has long made clear that "[t]here are time limits prescribed by the Federal Rules of Civil Procedure and this Court's orders for the purposes of protecting parties from abuse and encourages parties to act." *Choate v. AMTRAK*, 132 F.Supp.2d 569, 574 (E.D. Mich. 2001). Consequently, ISpine's "failure to promptly enforce [its] discovery rights constitutes a waiver of such rights." *Id.*

8

### IV. Discovery abuses and proportionality

As to the last of these four discovery motions, (ECF No. 94), regarding ISpine's *sixth* set of requests for production dated March 20, 2020 (ECF No. 94-2) to which a response was served on April 20, 2020 (ECF No. 94-3), there is less of a timing issue, as the motion was filed approximately three weeks after the responses were served. Even if the Court were inclined to overlook the fact that the motion was filed after the close of discovery and not treat it as a waiver, and even if the Court ignored the fact that it could not possibly have obtained responsive briefing, held a hearing and issued a ruling anywhere near the discovery deadline—a leniency and a blind eye which it is not inclined to offer—the discovery requests at issue in that motion are abusive on their face. The Court cannot conceive of any way in which the <u>143 requests for production *in ISpine's sixth set of document requests*</u>, in the context of this straightforward lawsuit against an insurance company for its alleged failure to pay medical bills in a first party no-fault case involving a single patient and a single procedure, could possibly be justified, particularly in light of: (1) the limited amount in controversy ($98,920, per ECF No. 94, PageID.4374); (2) the obvious burden of having to respond to such voluminous requests, which would undoubtedly outweigh their likely benefit, Fed. R. Civ. P. 26(b)(1); (3) ISpine's own ongoing complaints about Defendant's discovery requests being overbroad and beyond the scope of this case (*See e.g.,*

9

ECF No. 84, PageID.3317; ECF No. 86, PageID.3329; ECF No. 97, PageID.4564-4565; *see also* ISpine's briefs filed in connection therewith); and (4) this Court's repeated admonitions about the limited scope of discovery necessary to prepare this case for trial. (ECF No. 84, PageID.3317; ECF No. 86, PageID.3329; ECF No. 97, PageID.4564-4565)

Notwithstanding all of the issues discussed above, these four motions, taken together, seek to compel responses to hundreds of requests within ISpine's 450-plus requests to produce. By way of example, in the fourth and final motion alone, ISpine asks the Court to scrutinize, overrule objections on, and compel production of all 143 of its requests. (ECF No. 94, PageID.4377.) This clearly places an unwarranted, post-discovery burden on the Court. *Comm. Money Ctr.,* 508 F.3d at 347. And it comes after the extensive discovery motion practice which has already occurred here. (*See* ECF Nos. 18, 22, 35, 54 & 56.) This case has long been out of hand. There comes a time when discovery and motions to compel discovery need to end. That time is now.

For all these reasons, ISpine's motions to compel discovery (ECF Nos. 87, 90, 92 & 94) are **HEREBY DENIED**.

**IT IS SO ORDERED.**

Dated: May 28, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE