UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISPINE, PLLC,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INS. CO.,

    Defendant.

Case No. 19-cv-11458

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**AMENDED[1] OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION TO STRIKE [#103]; AND (2) ORDERING PLAINTIFF'S COUNSEL TO COMPLY WITH SANCTIONS**

**I. INTRODUCTION**

On April 26, 2019, Plaintiffs Surgical Center of Southfield, LLC, d/b/a Fountain View Surgery Center and ISpine, PLLC filed the instant action in the Wayne County Circuit Court for the State of Michigan. *See* ECF No. 1-2. On May 17, 2019, Defendant Allstate Property and Casualty Insurance Company ("Defendant") removed this matter to this Court. *See* ECF No. 1. The parties entered a stipulated order on July 31, 2019 dismissing without prejudice the "claims for medical services relating to Surgical Center of Southfield d/b/a Fountain View

---

[1] This Opinion and Order is amended only to include notice of monetary sanctions for any failure to comply with Court orders in the future.

1

Surgery." ECF No. 10, PageID.93. Plaintiff Surgical Center of Southfield d/b/a Fountain View Surgery Center and Defendant agreed to resolve their dispute through another case in this District before the Honorable Paul D. Borman, *Surgical Center of Southfield LLC d/b/a Fountain View Surgery Center (Brian Slating) v. Allstate Insurance Company*, 19-cv-10991-PDB-APP, which closed in August 2019. *Id.* at PageID.94.

Presently before the Court is Defendant's Motion to Strike ISpine PLLC's Motion for Summary Judgment,[2] filed on June 3, 2020. ECF No. 103. Plaintiff ISpine, PLLC (hereinafter, "Plaintiff") filed a Response on June 11, 2020. ECF No. 104. Defendant filed a Reply on June 17, 2020. ECF No. 105. Upon review of the parties' briefs, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's Motion to Strike on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will **DENY** Defendant's Motion to Strike [#103]. However, the Court will **ORDER** Plaintiff's counsel to comply with the sanctions explained at the conclusion of this Opinion and Order.

## II. BACKGROUND

Plaintiff's claims stem from a motor vehicle accident on August 25, 2018. ECF No. 34, PageID.671. On that date, insured Brian Slating endured spinal injuries

---

[2] Plaintiff filed its Motion for Summary Judgment on May 29, 2020. ECF No. 101.

which eventually resulted in an outpatient procedure. *Id.* Plaintiff provided treatment to Mr. Slating between February 20, 2019 and April 17, 2019. ECF No. 87, PageID.3341. Mr. Slating has claimed entitlement to benefits from Defendant through the insurance policy issued to his ex-girlfriend, Brandy Powers, in a separate action in the Oakland County Circuit Court, *Brian Slating v. Brandy Powers, Connie Elizabeth Owen, and Allstate Insurance Company*, 18-169945-NI. *See* ECF No. 99-1, PageID.4582.

Plaintiff asserts that it prepared and mailed a bill to Defendant for the treatment at issue in this action. ECF No. 87, PageID.3341. Defendant allegedly received this bill on March 11, 2019. *Id.* Plaintiff then filed the instant action on April 26, 2019 in the Wayne County Circuit Court, ECF No. 1-2, before it was removed to this Court on May 17, 2019, ECF No. 1. In its Complaint, Plaintiff alleges Defendant violated Michigan's No-Fault Act and seeks declaratory relief for the outpatient services and surgical facility medical treatment it provided to Mr. Slating on February 28, 2019. *Id.* (citing ECF No. 1-2, PageID.13).

In its present Motion, Defendant moves to have Plaintiff's Motion for Summary Judgment, which was timely filed on May 29, 2020, stricken for alleged violations of the Federal Rules of Civil Procedure. ECF No. 103-1. Specifically, Defendant claims that Plaintiff's Motion for Summary Judgment violates (1) Rule 56 by "basing its request for relief on an unsigned statement that improperly contains

3

legal conclusions, opinions, and conclusory allegations"; and (2) Rule 5.2 by "improperly filing personal information." *Id.* at PageID.4912. Defendant argues that Plaintiff's Motion for Summary Judgment is "yet another filing in this action riddled with violations of the Federal Rules of Civil Procedure." *Id.*

Plaintiff opposed Defendant's Motion on June 11, 2020, arguing, among other things, that the COVID-19 pandemic has "wrought extreme hardships" on it and its counsel. ECF No. 104-1, PageID.4972. In addition to responding to Defendant's arguments related to the alleged violations, Plaintiff seeks the following relief from the Court: (1) an amendment of the Court's scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4); and (2) an "Amendment of the pleading" pursuant to Federal Rule of Civil Procedure 15(a). *Id.* at PageID.4976. Defendant filed its Reply on June 17, 2020. ECF No. 105.

### III. LAW & ANALYSIS

Motions to strike are generally controlled by Federal Rule of Civil Procedure 12(f). Rule 12(f) states that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The federal rules designate pleadings as a complaint and answer; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and a reply to an answer. *See* Fed. R. Civ. P. 7(a).

Here, Defendant seeks to strike Plaintiff's Motion for Summary Judgment, which is not a pleading under Rule 7(a), and therefore Rule 12(f) does not apply.

In its present Motion, Defendant relies on the Court's "inherent power to protect[] the due and orderly administration of justice and … maintain[] the authority and dignity of the court[.]" *Bowles v. City of Cleveland*, 129 Fed. Appx. 239, 241 (6th Cir. 2005) (internal citation and quotation marks omitted). Defendant asserts that Plaintiff's Motion for Summary Judgment violates two separate Federal Rules of Civil Procedure and should thus be stricken from the record. The Court will address each alleged violation in turn.

### A. Exhibit 1: "Claim File Documents Reasonable Proofs" (ECF No. 101-2)

Defendant first argues that Plaintiff's Exhibit 1, "Claim File Documents Reasonable Proofs" (ECF No. 101-2), is in violation of Federal Rule of Civil Procedure 5.2. ECF No. 103-1, PageID.4913. Rule 5.2 specifically lists redaction procedures for several types of information, including taxpayer identification numbers and birth dates. Fed. R. Civ. P. 5.2(a)(1), (2). Defendants argue that Plaintiff's Exhibit 1 improperly includes both taxpayer identification numbers and birth dates. ECF No. 103-1, PageID.4913.

In its Response, Plaintiff argues that Michigan state law supersedes the Federal Rule of Civil Procedure 5.2. *See* ECF No. 104-1, PageID.4974–75. The Supreme Court clarified the distinction between "substantive" and "procedural"

5

laws in *Hanna v. Plumer*, 380 U.S. 460 (1965), over fifty years ago. In *Hanna*, the Court explained that a federal court sitting in diversity should determine whether a federal procedural rule directly "collides" with the state law sought to be applied. *Id.* at 470–74. The Court explained:

> When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their *prima facie* judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

*Hanna*, 380 U.S. at 471. Put simply, if a direct collision exists, the federal rule ought to be applied if it is constitutional and within the scope of the Rules Enabling Act. *Long v. Adams*, 411 F. Supp. 2d 701, 706 (E.D. Mich. 2006) (citation omitted); *see also Hunt v. Hadden*, 127 F. Supp. 3d 780, 787 (E.D. Mich. 2015) ("State laws that collide with federal rules of procedure must yield, and the federal procedural rule governs in federal courts.").

Here, Plaintiff cites to MCL § 500.3152 for the proposition that Michigan law provides for a waiver of certain privileges applicable to medical records in litigation seeking No-Fault benefits. ECF No. 104-1, PageID.4975. Plaintiff argues that Michigan state law "supersedes the Federal Rule of Civil Procedure 5.2 which requires redaction, as any privileges are waived." *Id.* The Court disagrees. Rule 5.2 does not involve the issue of privileges. Rather, Rule 5.2 was adopted to address

6

and protect privacy and security concerns of individuals by requiring parties to redact a limited amount of personal information in electronic court filings. *See* Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007). Redaction procedures, as outlined in Rule 5.2, are not equivalent to privileges applicable to medical records, as outlined in MCL § 500.3152. There is therefore no conflict between Michigan state law and a federal rule of procedure.

The Court concludes that Federal Rule of Civil Procedure 5.2 applies. *See Davis by Davis v. Jellico Comm. Hosp. Inc.*, 912 F.2d 129, 137 (6th Cir. 1990) (citing *Hanna v. Plumer*, 380 U.S. 460, 470 (1965)) ("Federal courts are to apply state procedural rules in diversity cases only when the federal rules of procedure do not address the situation presented."). Moreover, the Court finds that Plaintiff's Exhibit 1 violates this federal rule. Accordingly, the Court will order Plaintiff to submit an amended exhibit in accordance with Rule 5.2's requirements within two (2) days of this Order. The Court does not find it is appropriate to strike Plaintiff's entire Motion for Summary Judgment based on this violation.

### B. Exhibit 3: Dr. Stefan Pribil's Affidavit (ECF No. 101-4)

Defendant next takes issue with a "self-serving, conclusory, and unsigned" affidavit by Plaintiff's owner, Dr. Stefan Pribil. ECF No. 103-1, PageID.4915. This affidavit is attached to Plaintiff's Motion for Summary Judgment as Exhibit 3. *See* ECF No. 101-4. Defendant contends that Dr. Pribil's affidavit is not only unsigned,

but is also improperly based on legal argument, conclusory allegations, and opinions. ECF No. 103-1, PageID.4915–16.

The Sixth Circuit and this Court have held that "affidavits must be signed and properly attested to be cognizable under Rule 56." *Sfakianos v. Shelby City Gov't*, 481 F. App's 244, 245 (6th Cir. 2012); *Mich. State A. Philip Randolph Inst. v. Johnson*, 2018 U.S. Dist. LEXIS 8659, at *5 n.1 (E.D. Mich. Jan. 19, 2018). Plaintiff concedes its error in Dr. Pribil's affidavit, explaining that it mistakenly uploaded a "draft affidavit" to its Motion for Summary Judgment. ECF No. 104-1, PageID.4977. Plaintiff attached the signed version of Dr. Pribil's affidavit as an exhibit to its Response to the present Motion. ECF No. 104-4.

The Court will order Plaintiff to submit Dr. Pribil's amended, signed affidavit in accordance with Rule 56's requirements within two (2) days of this Order. The Court does not find it is appropriate to strike Plaintiff's entire Motion for Summary Judgment based on this violation. However, the Court takes notice of Defendant's additional arguments as to the merits of Dr. Pribil's affidavit; namely, Defendant avers that this affidavit, even if signed or sworn, would still not be appropriate under Rule 56(c)(4) in light of its "legal arguments, conclusory allegations, and opinions." ECF No. 103-1, PageID.4916. The Court will thus revisit Defendant's arguments as it relates to Dr. Pribil's alleged lack of personal knowledge when it decides Plaintiff's Motion for Summary Judgment (ECF No. 101).

## C. Plaintiff's Improper Requests for Relief

Finally, the Court must address Plaintiff's continued disregard for the Court's Local Rules; Electronic Filing Policies and Procedures; and the Federal Rules of Civil Procedure. Indeed, it is evident that Plaintiff has failed to abide by the Court's Electronic Filing Policies and Procedures concerning the filing of briefs in its Response to the present Motion. Specifically, Rule 5 requires that motions must not be combined with any other stand-alone document. "Motions must not be combined with any other stand-alone document." R5(f), E.D. Mich. Elec. Fil. Pol. & Pro. Plaintiff, in addition to responding to Defendant's arguments, makes two separate requests pursuant to two separate federal rules to amend its filings within its Response brief. ECF No. 104-1, PageID.4979–83. Plaintiff peculiarly makes these requests without filing any proper motions to obtain leave. Put simply, Plaintiff has once again violated the Court's rules in a response to a motion that it violated the Court's rules.

This is not the first nor the second time the Court must address Plaintiff's repeated failure to comply with these rules. For example, on April 21, 2020, Magistrate Judge Anthony P. Patti advised Plaintiff that the Court would strike future papers that do not comply with its rules and procedures. ECF No. 71, PageID.1736 (addressing violations of Federal Rule of Civil Procedure 7(b)(2), 10(a); E.D. Mich. Electronic Filing Policies and Procedures 19(b)(3); and E.D.

Mich. Local Rule 7.1(d)(2)). Exactly one month later, on May 21, 2020, Magistrate Judge Patti explained how difficult it is for the Court to make sense of the numerous documents filed by Plaintiff's office in light of its multiple violations. ECF No. 97, PageID.4554. Magistrate Judge Patti advised Plaintiff's counsel on this date to "take the time to read [his] order and read the court rules, and read the local rules[.]" *Id.* He went on to say that reading such orders—specifically his April 21, 2020 Order (ECF No. 71)—would be the most beneficial place to start. *Id.* at PageID.4555.

Plaintiff's counsel has clearly not taken the time to read Magistrate Judge Patti's April 21, 2020 Order. Indeed, Plaintiff's counsel committed its present violation only three weeks after Magistrate Judge Patti's clear directive. This is inexcusable. Accordingly, this Court will now require Plaintiff's counsel to read the following, in their entirety, within seven (7) days of this Order: (1) the Eastern District of Michigan's Local Rules; (2) the Eastern District of Michigan's Electronic Filing Policies and Procedures; and (3) the Federal Rules of Civil Procedure. Moreover, the Court will require Plaintiff's counsel to submit a statement acknowledging their completed review of the aforementioned rules and procedures. This required statement must be submitted to the Court within seven (7) days of this Order.

The Court will not impose monetary sanctions at this time, including Defendant's request for an award of costs and attorney's fees, ECF No. 103-1,

PageID.4918; however, Plaintiff's counsel is warned that their failure to comply with the aforementioned rules and procedures and Court orders in the future will result in the imposition of appropriate monetary sanctions in incremental levels. This is the Court's *final* warning on this recurring issue.

### IV. CONCLUSION AND ORDER

For the reasons articulated above, it is **ORDERED** that Defendant's Motion to Strike ISPine, PLLC's Motion for Summary Judgment [#103] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff submit its amended exhibit (ECF No. 101-2) and affidavit (ECF No. 101-4) in accordance with the Federal Rules of Civil Procedure 5.2 and 56 within two (2) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's counsel read the following, in their entirety, within seven (7) days of this Order: (1) the Eastern District of Michigan's Local Rules; (2) the Eastern District of Michigan's Electronic Filing Policies and Procedures; and (3) the Federal Rules of Civil Procedure.

**IT IS FUTHER ORDERED** that Plaintiff's counsel submit a statement acknowledging their completed review of the aforementioned rules and procedures within seven (7) days of this Order.

**IT IS SO ORDERED**.

Dated: September 28, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 28, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager