UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISPINE, PLLC,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INS. CO.,

    Defendant.

Case No. 19-cv-11458

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#99]; AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#101]

### I. INTRODUCTION

On April 26, 2019, Plaintiffs Surgical Center of Southfield, LLC, d/b/a Fountain View Surgery Center and ISpine, PLLC filed the instant action in the Wayne County Circuit Court for the State of Michigan. *See* ECF No. 1-2. On May 17, 2019, Defendant Allstate Property and Casualty Insurance Company ("Defendant") removed this matter to this Court. *See* ECF No. 1. The parties entered a stipulated order on July 31, 2019 dismissing without prejudice the "claims for medical services relating to Surgical Center of Southfield d/b/a Fountain View Surgery." ECF No. 10, PageID.93. Plaintiff Surgical Center of Southfield d/b/a Fountain View Surgery Center and Defendant agreed to resolve their dispute through

1

another case in this District before the Honorable Paul D. Borman, *Surgical Center of Southfield LLC d/b/a Fountain View Surgery Center (Brian Slating) v. Allstate Insurance Company*, 19-cv-10991-PDB-APP, which closed in August 2019. *Id.* at PageID.94.

Presently before the Court are Defendant's Motion for Summary Judgment,[1] which was filed on May 28, 2020, and Plaintiff ISpine, PLLC's (hereinafter, "Plaintiff") Motion for Summary Judgment, which was filed on May 29, 2020. ECF Nos. 99, 101. Both motions are fully briefed. On January 14, 2021, the Court held a hearing on this matter.[2] For the reasons that follow, the Court will **GRANT** Defendant's Motion for Summary Judgment [#99] and **DENY AS MOOT** Plaintiff's Motion for Summary Judgment [#101].

## II. BACKGROUND

Plaintiff's claims stem from a motor vehicle accident on August 25, 2018. ECF No. 34, PageID.671. On that date, insured Brian Slating endured spinal injuries which eventually resulted in an outpatient procedure. *Id.* Plaintiff provided treatment to Slating between February 20, 2019 and April 17, 2019. ECF No. 87,

---

[1] Defendant filed an amended Motion later that same day. *See* ECF No. 100. The Court will cite to the amended Motion throughout this Opinion and Order.

[2] At the beginning of the hearing, the Court invited arguments on both Motions; however, the parties used their allotted time to only argue Defendant's Motion (ECF No. 99). At the end of the hearing, the Court denoted that it would decide Plaintiff's Motion on the briefs.

PageID.3341.  Slating has claimed entitlement to benefits through the insurance policy issued to his ex-girlfriend, Brandy Powers, in a separate action in the Oakland County Circuit Court, *Brian Slating v. Brandy Powers, Connie Elizabeth Owen, and Allstate Insurance Company*, 18-169945-NI.  *See* ECF No. 99-1, PageID.4582.

Plaintiff asserts that it prepared and mailed a bill to Defendant for the treatment at issue in this action.  ECF No. 87, PageID.3341.  Defendant received this bill on March 11, 2019.  ECF No. 100, PageID.4794.  Plaintiff then filed the instant action on April 26, 2019 in the Wayne County Circuit Court, ECF No. 1-2, before it was removed to this Court on May 17, 2019, ECF No. 1. In its Complaint, Plaintiff alleges Defendant violated Michigan's No-Fault Act and seeks declaratory relief for the outpatient services and surgical facility medical treatment it provided to Slating. ECF No. 1-2, PageID.13.

Defendant filed its present Motion for Summary Judgment on May 28, 2020. ECF No. 100.  Defendant argues that (1) it cannot be liable for payment of any benefits since it did not write Power's insurance policy, (2) the purported assignment of benefits from Slating to Plaintiff was "invalid and meaningless," and (3) that any rights Plaintiff did obtain from Slating were subsequently transferred to another entity called Velocity MRS – Fund VI, LLC ("Velocity"), thus rendering this action moot.  *Id.* at PageID.4798.  According to Defendant, each of these issues forecloses

3

the recovery sought by Plaintiff and there is thus no issue of material fact that could be presented to the jury. *Id.*

Plaintiff filed its Response on June 18, 2020. ECF No. 106. Plaintiff argues that Defendant's allegations regarding the assignment of benefits and standing to bring this action are "without merit." ECF No. 106, PageID.5156. Additionally, Plaintiff asserts that it named Defendant as a proper party; however, "should the Court find that the named defendant is not the property party, Plaintiff asserts that justice demands that the Plaintiff be permitted to amend the complaint based on Defendant's handling of this case[.]" *Id.* Plaintiff also argues that it is the sole party with interest in Slating's accounts receivable. *Id.* Defendant filed a Reply on July 2, 2020. ECF No. 108.

Plaintiff separately filed a Motion for Summary Judgment on May 29, 2020. ECF No. 101. Plaintiff argues that there are no genuine issues of material fact upon review of seventeen of Defendant's affirmative defenses, "as well as [Defendant's] allegations and inferences of illegal referrals, improper marketing and fraud in general." *Id.* at PageID.4846. Plaintiff also emphasizes its diligent discovery in this matter, whereas Defendant "failed to supplement any answers regarding [its] Affirmative Defenses by the May 1, 2020 discovery cutoff date." *Id.* At the hearing, Plaintiff stated that it filed its present Motion in the interest of judicial economy.

Defendant opposed Plaintiff's Motion on June 19, 2020. ECF No. 107. Defendant asserts that Plaintiff's Motion is merely an attempt to prevent it from presenting the allegedly "extensive evidence" of Plaintiff's "fraudulent conduct." *Id.* at PageID.5267. Defendant emphasizes that Plaintiff's arguments are not appropriate for summary judgment. *Id.* Moreover, Defendant contends that Plaintiff's motion is premised on material misrepresentations of its affirmative defenses, including the defenses that it stipulated to withdraw (ECF No. 102). *Id.* at PageID.5268. Plaintiff did not file a Reply.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) "directs that summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, the court evaluates "whether the evidence presents a sufficient

5

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV. ANALYSIS

### A. Defendant's Motion for Summary Judgment (ECF No. 99)

In its Motion for Summary Judgment, Defendant first argues that it cannot be liable for the payment of any benefits. Specifically, Defendant asserts that it was not the underwriting entity for the insurance policy through which Plaintiff claims it obtained rights from Slating. ECF No. 100, PageID.4800. Instead, "the sperate entity Allstate Insurance Company was the underwriter of the policy," which was sold to Powers and to which Plaintiff claims entitlement to benefits in this matter. *Id.*

Under the *Erie* doctrine, in actions brought in federal court invoking diversity jurisdiction, a court must apply the same substantive law as would have been applied if the action had been brought in a state court of the jurisdiction where the federal court is located. *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007) (citations omitted). Under Michigan law, "[i]t is a well-recognized principle that separate corporate entities will be respected." *Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 224 (Mich. 1995) (citation omitted). Parent and subsidiary corporations are "separate and distinct entities," absent an abuse of corporate form. *Id.* (citations omitted); *see also United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general

principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.").

The corporate veil presumption may be pierced "where an otherwise separate corporate existence has been used to subvert justice or cause a result that is contrary to some overriding public policy."  *Servo Kinetcs, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007) (internal quotation marks, alteration, and citations omitted).  Michigan courts have applied the following standard for piercing the corporate veil:

> First, the corporate entity must be a mere instrumentality of another entity or individual.  Second, the corporate entity must be used to commit a fraud or wrong.  Third, there must have been an unjust loss or injury to the plaintiff.

*SCD Chem. Distribs., Inc. v. Medley*, 512 N.W.2d 86, 90 (Mich. Ct. App. 1994).

District courts within the Sixth Circuit have granted summary judgment where a plaintiff has sued a wrong entity.  *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Nat'l Gen. Ins. Co.*, No. 1:15-cv-1314, 2017 U.S. Dist. LEXIS 220757 (W.D. Mich. Feb. 8, 2017); *Parent v. Credit Union One*, 792 F. Supp. 526 (E.D. Mich. 1992); *see also Hirmiz v. GMAC Ins. Co.*, No. 14-cv-10766, 2015 U.S. Dist. LEXIS 131156 (granting defendant's motion to dismiss, which was construed as a motion for summary judgment).  In *Nat'l Gen. Ins. Co.*, the court determined that Defendant National General Insurance Company ("NGIC") was entitled to summary judgment

7

because it was never legally responsible for the policy at issue. *Nat'l Gen. Ins. Co.*, 2017 U.S. Dist. LEXIS 220757, at *3. Quoting Black's Law Dictionary (10th ed. 2014), the court wrote "the 'underwriter,' or 'insurer'—defined as "[s]omeone who agrees, by contract, to assume the risk of another's loss and to compensate for that loss,' … was indisputable and solely MIC [General Insurance Corporation]." *Id.* Upon review of the evidence, the court held that there was no genuine dispute in material fact that NGIC, the named defendant, was the underwriter of the insurance policy and therefore it was not legally responsible for the policy. *Id.* at *4.

Here, Defendant asserts that Plaintiff's prosecution of this action "against an improperly named defendant has always been improper," and therefore the matter should be dismissed. ECF No. 100, PageID.4802. Defendant points to the insurance policy, which was issued to Powers, effective May 1, 2018, to support its argument. ECF No. 99-3. The policy consistently lists "Allstate Insurance Company," rather than "Allstate Property and Casualty Insurance Company." *See id.* Defendant emphasizes that Plaintiff has been on notice that Allstate Insurance Company was the underwriter for Powers' policy since November 13, 2019, when a copy of this policy was produced. ECF No. 100, PageID.4802 (citing ECF No. 35-4, PageID.739). Moreover, Defendant highlights how Slating sued Allstate Insurance Company, not Allstate Property and Casualty Insurance Company, in his individual action in the Oakland County Circuit Court seeking benefits related to the motor

8

vehicle accident. ECF No. 99-5. Indeed, Slating averred in his complaint that "there existed a contract between Plaintiff and Defendant consisting of a policy of automobile insurance issued by the Defendant, Allstate Insurance Company[.]" *Id.* at PageID.4687. Defendant asserts that during discovery in the present matter, Plaintiff sought materials related to this state court action, including expert and medical reports from counsel representing Slating. ECF No. 92-3, PageID.3994; ECF No. 60, PageID.1304.

Plaintiff raises several arguments to oppose Defendant's assertion that it is not the proper entity to be sued in this matter. First, Plaintiff contends that Defendant improperly failed to raise the "defense of improper entity" in its affirmative defenses. ECF No. 106, PageID.5141. Plaintiff cites to the Federal Rule of Civil Procedure 8(c) to support this first argument. *Id.* While it is true that Rule 8(c) requires defendants to raise affirmative defenses in their first responsive pleadings, *Wayne Cnty. Dep't of Hum. Serv.*, 901 F.3d 656, 680 (6th Cir. 2018), the Court agrees with Defendant that "a litigant suing an entity against which it cannot possibly establish liability" is not an affirmative defense, ECF No. 108, PageID.5504. Plaintiff does not cite to any authority for the proposition that a defendant must plead that a plaintiff sued the wrong entity as an affirmative defense. The Court denotes that defendants often raise such an issue in a dispositive motion, such as a motion to dismiss. *See, e.g.*, *Hirmiz v. GMAC Ins. Co.*, No. 14-cv-10766, 2015 U.S. Dist.

9

LEXIS 131156.  Moreover, the Court adopts language from another district court in this Circuit in declining to place blame on Defendant: "The burden was upon [the plaintiff] to prosecute its case properly.  It cannot blame [the defendant] for its failure to do so." *State Farm Mut. Auto. Ins. Co. v. Nat'l Gen. Ins. Co.*, No. 1:15-cv-1314, 2017 U.S. Dist. LEXIS 220757, at *9 (W.D. Mich. Feb. 8, 2017) (citation omitted).

Second, Plaintiff asserts that Defendant abused the corporate form and should thus be held as the property party in this suit.  ECF No. 106, PageID.5142, 5149.  Plaintiff argues that "Defendant should not be permitted to prosecute and defend this case throughout the discovery process, while producing documents, records and materials … only to turn around and state that they are not the proper party, or that the proper entity was not aware of and directing the litigation before this Court in the present case."  ECF No. 106, PageID.5142.  In its Response, Plaintiff points to Defendant's counsel's email regarding deposition notices, ECF No. 106-2, as well as Defendant's answer to a Request for Admission that it is the "highest priority insurer for benefits payable to the Patient," ECF No. 106-4, to question Defendant's actions.  In citing to Defendant's participation in discovery, Plaintiff questions how it could not be the proper defendant while also having the ability to produce such discovery.  ECF No. 106, PageID.5143.  Plaintiff reiterated this argument at the hearing.

"The doctrine of piercing the corporate veil … is the rare exception, applied in the case of fraud or certain other exceptional circumstances, and usually determined on a case-by-case basis." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) (citation omitted). A court's decision whether to pierce the corporate veil "is highly dependent on the equities of the situation, and the inquiry tends to be intensely fact-driven." *Servo Kinetcs, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007). To reiterate, a corporate veil piercing claim under Michigan law requires proof that (1) the corporate entity is merely an agent or instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss or injury. *SCD Chem. Distribs., Inc. v. Medley*, 512 N.W.2d 86, 90 (Mich. Ct. App. 1994). The Sixth Circuit has considered additional, specific factors that shed light on these broader inquiries, including "undercapitalization of the corporation, the maintenance of separate books, the separation of corporate and individual finances, the use of the corporation to support fraud or illegality, the honoring of corporate formalities, and whether the corporation is merely a sham." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 302–03 (6th Cir. 2005) (quoting *Laborers' Pension Tr. Fund v. Sidney Weinberger Homes, Inc.*, 872 F.2d 702, 704–05 (6th Cir. 1988)).

Here, Plaintiff argues that Defendant (1) agreed to produce the same adjusters, as well as possessed and controlled privileged documents such as the claim file and medical records belonging to Slating, (2) vigorously defended and prosecuted this case on behalf of the "proper party," and that (3) "both entities possess the same employees and adjusters." ECF No. 106, PageID.5150. According to Plaintiff, "[i]t is clear that the two entities have intermingled the corporate formalities and both should be held liable." *Id.*

Importantly, Defendant emphasizes that Plaintiff defined "Allstate" throughout the discovery process as "Allstate Corporation, as well as any and all Allstate subsidiaries licensed to do business in the State of Michigan and issue No-Fault Automobile Insurance Policies. Reference within this request to 'Allstate' shall include Allstate's agents, contractors and employees acting on its behalf." *See* ECF No. 87-4, PageID.3382. The Court finds that this expansive directive required Defendant to comply with Plaintiff's discovery requests, as it is a "wholly-owned indirect subsidiary of The Allstate Corporation." ECF No. 2, PageID.37.

The Court also takes notice of Plaintiff's emphasis on Defendant's answer to its Request for Admission, specifically that Defendant did not admit nor deny that it was the highest priority insurer in light of the continual investigation into the circumstances of the alleged motor vehicle accident. ECF No. 106-4, PageID.5173. Plaintiff argues that Defendant was required to supplement this response according

12

to Federal Rule of Civil Procedure 26(e). ECF No. 106, PageID.5144. Upon review of the present Motion, the Court agrees with Defendant's argument in its Reply that there are "significant questions about the occurrence of this alleged motor vehicle accident and whether Slating was entitled to coverage at all[.]" ECF No. 108, PageID.5505. For example, in their respective briefs, the parties dispute whether Plaintiff obtained a valid assignment from Slating and whether Plaintiff subsequently assigned any right it obtained from Slating to Velocity. The Court therefore does not find that Defendant was required to supplement its response pursuant to Rule 26(e)(1)(A) as the facts surrounding the underlying incident remain disputed. Additionally, the Court denotes that a question concerning the order of priority to determine which insurance company will pay for a patient's benefits does not equate to a question concerning the proper defendant or party who bears responsibility in a matter.

Upon review of Plaintiff's arguments, the Court finds that Plaintiff has not presented sufficient evidence to demonstrate Defendant abused the corporate form and should thus be held as the property party in this suit. There is no evidence presented to demonstrate that "an otherwise separate corporate existence has been used to 'subvert justice or cause a result that [is] contrary to some other clearly overriding policy." *Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 224 (Mich. 1995) (internal citation omitted). Rather, it appears Plaintiff named the wrong subsidiary

13

in the lawsuit, conflating the "Allstate Insurance Company" brand name with "Allstate Property and Casualty Insurance Company." *See State Farm Mut. Auto. Ins. Co. v. Nat'l Gen. Ins. Co.*, No. 1:15-cv-1314, 2017 U.S. Dist. LEXIS 220757, at *6 (W.D. Mich. Feb. 8, 2017) (finding that the named defendant, although a sister subsidiary of the insurance company, was not liable for the policy at issue and therefore was entitled to dismissal). Defendant complied with discovery, as it was required to do so from Plaintiff's definition of "Allstate" throughout the discovery process. It was revealed during this discovery process, specifically on November 13, 2019, that "Allstate Insurance Company," not Defendant, was the underwriter for the insurance policy at issue in this matter. ECF No. 99-3.

Lastly, Plaintiff argues that it is entitled to amend the pleadings "pursuant to Michigan law." ECF No. 106, PageID.5145–49. Upon review of Plaintiff's filing, it is evident that Plaintiff failed to abide by this Court's Filing Policies and Procedures concerning the filing of briefs. Specifically, Rule 5 requires that motions must not be combined with any other stand-alone document. "A counter-motion must not be combined with a response or reply … Papers filed in violation of this rule will be stricken." R5(f), E.D. Mich. Elec. Fil. Pol. & Pro. Plaintiff's requested relief for an amendment to its complaint—as an argument in its Response Brief to Defendant's Motion for Summary Judgment—is thus procedurally improper.

14

Nevertheless, the Court will address the merits of Plaintiff's request. While Plaintiff is correct to cite to Federal Rule of Civil Procedure 15(a)(2), the Court denotes that it must first consider its request under Federal Rule of Civil Procedure 16(b). Once a matter's scheduling order's deadline passes, a plaintiff first must show "good cause" under Rule 16(b) for failure to seek leave to amend before a court will consider whether an amendment is proper under Rule 15(a). *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Indeed, as another court has put it, "[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). The Sixth Circuit has determined that, in addition to Rule 16's explicit "good cause" requirement, a district court must evaluate the nonmoving party's potential prejudice when determining whether or not to amend a scheduling order's deadlines. *Id.*

Here, the Court takes notice that the deadline to file motions to amend pleadings, November 4, 2019, passed long before the parties filed their respective motions. *See* ECF No. 12. Plaintiff must therefore establish "good cause" pursuant to Rule 16(b) for why its requested relief was filed several months after the original deadline. The Sixth Circuit has explained that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case

management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). Plaintiff's Response brief fails to address Rule 16(b)'s "good cause" standard. Plaintiff instead asserts that it "conducted discovery with due diligence and issued specific requests as to the Defendant's order of priority under MCL 500.3114." ECF No. 106, PageID.5147.

Additionally, Plaintiff contends that "the right party was sued by the wrong name[.]" *Id.* Another district court within this Circuit has explained that "[t]he general rule is that attorney neglect or inadvertence will not constitute good cause supporting modification." *State Farm Mut. Auto. Ins. Co. v. Nat'l Gen. Ins. Co.*, No. 1:15-cv-1314, 2017 U.S. Dist. LEXIS 220757, at *8 (W.D. Mich. Feb. 8, 2017). Here, Defendant highlights that Plaintiff has been on notice that Allstate Insurance Company was the underwriter for Powers' policy since at least November 13, 2019, when a copy of this policy was produced. ECF No. 100, PageID.4802 (citing ECF No. 35-4, PageID.739). Plaintiff waited six months, in a brief in opposition to Defendant's Motion for Summary Judgment, to seek an amendment of its Complaint. The Court does not find Plaintiff can establish "good cause" in the present matter when it waited to request the instant relief only after the issue was brought to its attention by Defendant's Motion for Summary Judgment. *See Leary*, 349 F.3d at 908 (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

As explained above, the Court must also consider Defendant's potential prejudice in its determination. Here, the Court agrees with Defendant that such prejudice exists, as discovery would have to be reopened, months after it was closed. *See* ECF No. 108, PageID.5506. Accordingly, the Court concludes that Defendant would suffer prejudice if Plaintiff was permitted to file an amendment at this late stage in the proceedings, after months of discovery and the filing of dispositive motions. The Court once again reiterates that Plaintiff was on notice of both the deadline to file a proper motion to amend its pleadings, ECF No. 12, as well as the proper defendant in this matter, ECF No. 99-3, months before the filing of its present Response.

In sum, and upon review of the record, the Court finds that Defendant is not the proper entity that should be sued in this matter. As explained above, the insurance policy is silent as to named Defendant Allstate Property and Casualty Insurance Company. In sum, there is no dispute of material fact that named Defendant Allstate Property and Casualty Insurance Company did not underwrite the policy and is therefore not legally responsible for the policy at issue.

Accordingly, the Court will grant Defendant's Motion for Summary Judgment on the presented issue of the improperly named defendant.

**B. Plaintiff's Motion for Summary Judgment (ECF No. 101)**

In its separate Motion, Plaintiff argues that summary judgment should be granted as to the dismissal of Defendant's affirmative defenses. Specifically, Plaintiff contends that no genuine issue of material fact exists as to the following defenses: 22, 29, 30, 31, 32, 34, 35, 36, 38, 40, 45, 46, 47, 53, 54, 55, and 74. ECF No. 101, PageID.4823. In its Response, Defendant argues that Plaintiff's Motion is an attempt to "prevent [it] from presenting to the factfinder the extensive evidence of [Plaintiff's] fraudulent conduct." ECF No. 107, PageID.5267. Moreover, Defendant asserts that some of Plaintiff's arguments pertain to affirmative defenses which it stipulated to withdraw. *Id.* at PageID.5268; *see also* ECF No. 102. Defendant contends that each of its affirmative defenses is "amply supported by the record and each is clearly an appropriate defense to a claim for No-Fault benefits[.]" ECF No. 107, PageID.5268.

In light of the Court's determination of Defendant's separate Motion for Summary Judgment, the Court need not address the merits of Plaintiff's present Motion. Accordingly, Plaintiff's Motion for Summary Judgment is moot.

### V. Conclusion

For the reasons articulated above, Defendant's Motion for Summary Judgment [#99] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [#101] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: January 15, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 15, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager